**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

MICHAEL SHERMAN,

    Plaintiff,

v.

HOPEWELL TOWNSHIP POLICE
DEPARTMENT, et al.,

    Defendants.

Civil Action No. 19-14553 (MAS) (ZNQ)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Plaintiff Michael Sherman's ("Plaintiff") Motion to Remand and for an Award of Attorneys' Fees and Costs. (ECF No. 6.) Defendants Township of Hopewell, Lieutenant Christopher Kascik, Chief Lance D. Mahoney, and Lieutenant William H. Springer, Jr. (collectively, "Defendants") opposed (ECF No. 7), and Plaintiff replied (ECF No. 8). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion is granted in part and denied in part.

**I.    BACKGROUND**

    On March 19, 2019, Plaintiff initiated suit against Defendants in the Mercer County Superior Court of New Jersey, alleging violations under the New Jersey Conscientious Employee Protection Act ("NJCEPA"), N.J. Stat. Ann. § 34:19–1 to –8; the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. §§ 10:5–1 to –49; and the New Jersey Civil Rights Act

("NJCRA"), N.J. Stat. §§ 10:6–2. (Not. of Removal 2, ECF No. 1; *see also* Compl. 41–44, ECF No. 1-1.) On March 31, 2019, Defendants filed a partial motion to dismiss in lieu of an answer, arguing that the NJCRA count should be dismissed because, *inter alia*, Plaintiff "fail[ed] to identify which New Jersey Constitutional Provision the Defendants allegedly violated." (Defs.' Mot. Dismiss Br. 2, 10–16, Ex. B-11 to Not. of Removal, ECF No. 1-12.)[1] On June 13, 2019, Plaintiff filed opposition, arguing that he was "not asserting a due process claim at this time" and that the Court need not determine whether the Complaint pleaded a violation of due process. (Pl.'s Opp'n to Defs.' Mot. Dismiss Br. 1, Ex. B-13 to Not. of Removal, ECF No. 1-14.) Plaintiff also argued, however, that a violation of the United States Constitution could also form the basis of a NJCRA claim. (*See id.* at 18–21.) On reply, Defendants argued that the Complaint, while referencing the New Jersey Constitution, "does not refer to the United States Constitution, let alone a specifically identifiable provision of the United States Constitution." (Defs.s Mot. Dismiss Reply Br. 7, Ex. B-14 to Not. of Removal, ECF No. 1-15.)

On June 27, 2019, the state court held oral argument on Defendants' motion to dismiss. (*See* Hr'g Tr., ECF No. 10.) First, the court asked Plaintiff which constitutional rights were alleged to be violated under the NJCRA by unlawfully discriminating and retaliating against Plaintiff, to which Plaintiff replied: "The Fourteenth Amendment." (*See id.* at 3:21–25, 4:1–24.) The court then asked about Plaintiff's "right to petition . . . absent retaliation," and Plaintiff clarified that his action is based on the "First Amendment of the [F]ederal and [S]tate [C]onstitutions." (*Id.* at 6:6–20.) Defendants responded that if Plaintiff's NJCRA claim is based upon a violation of the Federal Constitution, the Complaint must set forth those bases. (*See, e.g., id.* at 16:19–21 ("We have a right

---

[1] Defendants also argued that the Hopewell Township Police Department should be dismissed under N.J. Stat. Ann. § 40A:14-118. (Defs.' Mot. Dismiss Br. 19–20.)

2

to know what constitutional provisions are [alleged] to be violated."); *see also id.* at 9:13–18, 11:16–20, 12:11–14, 15:16–19.)

At the end of oral argument, the state court denied Defendants' motion to dismiss Plaintiff's NJCRA claim finding that "the Court has to be very indulgent in its reading of the claims" and that, although the Complaint "barely met" the standard to state a NJCRA claim, "that standard is met." (*Id.* at 17:11–22.) Moreover, because Defendants mostly cited to summary judgment cases in support of their motion to dismiss and because "discovery [will] clarif[y] the allegations," the court found it "premature" to dismiss Plaintiff's NJCRA claim. (*Id.* at 18:24–25, 19:1–5.) The court further stated that "it's clear that this is just a [NJ]CEPA [and NJ]LAD case or, alternatively, . . . [a NJ]CRA case." (*Id.*)

On July 1, 2019, Defendants removed the matter to this Court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (*See* Not. of Removal ¶¶ 1–3.) On July 30, 2019, Plaintiff moved to remand. (ECF No. 6.)

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, and a case can only be removed to a federal district court if the case could have been originally filed there." *MHA LLC v. Healthfirst, Inc.*, 629 F. App'x 409, 411 (3d Cir. 2015) (citing 28 U.S.C. § 1441(a)). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Absent diversity of citizenship, federal-question jurisdiction . . . is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, plaintiffs are the masters of their claim; "[they] may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

3

A defendant must generally file a notice of removal "within [thirty] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). A defendant may alternatively remove a state action within thirty days of receipt or service of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Removed cases shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party initially removing the action has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citations omitted). This burden is heavy, since "the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Id.*

### III. DISCUSSION

#### A. The Court Does Not Have Federal Question Jurisdiction Over Plaintiff's NJCRA Claim[2]

Although "jurisdiction ordinarily rests on the presence of a federal cause of action on the face of the complaint," *MHA*, 629 F. App'x at 411, the case may "arise under" federal law if the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). Only a "small and special" category of state-law cases satisfies "arising under"

---

[2] Plaintiff argues that (1) Defendants failed to establish the Court's federal question jurisdiction; (2) Defendants waived their right to remove by continuing to litigate their motion to dismiss in state court; and (3) Defendants untimely removed under 28 U.S.C. § 1446(b)(1). (*See generally* Pl.'s Moving Br., ECF No. 6; Pl.'s Reply Br., ECF No. 8.) Because Defendants fail to establish the Court's jurisdiction over the matter, the Court remands the matter, without deciding whether Defendants waived their right to remove or whether they timely removed.

4

or "embedded" jurisdiction. *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) (citing *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005)); *see also MHA*, 629 F. App'x at 411. Federal jurisdiction over a state law claim will lie if each of the *Grable* factors are met—that is, "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable*, 545 U.S. at 313–14); *see also MHA*, 629 F. App'x at 412–13.

Defendants argue that Plaintiff's "NJCRA claim implicating the United States Constitution" is removable under *Grable* and cite two District of New Jersey cases as support, *Ortiz v. University of Medicine & Dentistry of New Jersey*, No. 08-2669, 2009 WL 737046 (D.N.J. Mar. 18, 2009), and *Pettit v. State*, No. 09-3735, 2010 WL 1006407 (D.N.J. Mar. 17, 2010). (Defs.' Opp'n Br. 16, ECF No. 7.) The Court, however, finds Defendants' argument unconvincing. In both *Ortiz* and *Pettit*, federal claims were explicitly pleaded on the face of the Complaint. *Ortiz*, 2009 WL 737046, at *7 (finding "[t]he complaint . . . repeatedly and boldly seeks relief for violations of [the plaintiff's] rights under the United States Constitution"); *Pettit*, 2010 WL 1006407, at *1 (finding the court "acquired subject matter jurisdiction [at the time of the removal] over the entire action due to the well-pleaded federal questions raised by [the p]laintiffs['] NJCRA claim, which was predicated upon alleged violations of the U.S. Constitution"). Moreover, only the *Ortiz* court attempts to assess its jurisdiction under *Grable*. *See Ortiz*, 2009 WL 737046, at *3–4.[3]

---

[3] It is not disputed that Plaintiff's Complaint is not explicitly predicated on the federal Constitution. In fact, in moving to dismiss, Defendants highlighted the lack of a basis to support Plaintiff's NJCRA claim. (*See, e.g.*, Hr'g Tr. 16:19–21 ("[Defendants] have a right to know what constitutional provisions are sought to be violated [under the NJCRA].").)

5

Moreover, Defendants do not identify a case where a federal court has used the "order or other paper" rule under § 1446(b)(3) to inject a federal question into a complaint that alleges strictly state-law claims. "In most cases, when courts look to 'other paper' to ascertain removability, courts are clarifying that diversity jurisdiction has been established" or "that a plaintiff's state law claim is one that would be preempted by federal law." *Eggert v. Britton*, 223 F. App'x 394, 397 (5th Cir. 2007). That is, "[o]nly in rare circumstances have courts used the 'other paper' doctrine to find federal question jurisdiction." *Nicole v. Sch. Dist. of Phila.*, No. 16-1457, 2016 WL 3456924, at *3 (E.D. Pa. June 20, 2016) (collecting cases).

In *Nicole*, a plaintiff filed a complaint in the Court of Common Pleas, Philadelphia County, alleging state law claims. *Id.* at *1. Thereafter, the plaintiff served three expert reports on the defendants, two of which mentioned federal statutes. *Id.* The court, without deciding whether the expert reports qualified as "other paper[s]" and without deciding the timeliness of removal, found that "[e]ven if the [c]omplaint were ambiguous, the expert reports [did] not make it unequivocally clear and certain that the [p]laintiff intends to bring, or has brought, a federal claim." *Id.* at *4. The expert reports, accordingly, did not create federal subject matter jurisdiction. *Id.* at *5.

As in *Nicole*, Plaintiff's state court submissions fail to make it "unequivocally clear and certain" that Plaintiff intends to bring, or has brought, a federal claim. Moreover, Plaintiff argued, and the state court acknowledged at oral argument, that he was bringing his NJCRA claim in the alternative, should his NJLAD and NJCEPA claims fail. (*E.g.*, Hr'g Tr. 18:24–25, 19:1–5.) Even then, Plaintiff argued alternative theories to support his NJCRA claim. (*E.g.*, *id.* at 6:6–20.) A federal issue is not "substantial" if implicated in one alternative theory of recovery. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808–09 (1988) (quoting *Franchise Tax Bd.*, 463 U.S. at 27–28) (finding "a claim supported by alternative theories in the complaint may

6

not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories"). A claim with alternative, wholly non-federal theories of recovery "may not[, therefore,] form the basis for [federal question] jurisdiction." *See id.* at 810, 813. Here, even if Plaintiff ultimately relies upon his NJCRA claim, he argues alternative state-law theories. Plaintiff's NJCRA claim could, therefore, be based upon a wholly non-federal theory and could not form the basis for federal question jurisdiction.

Even if "Plaintiff unambiguously insisted at oral argument that his NJCRA claim was premised on violations of federal law" as Defendants argue, the Court nevertheless questions its jurisdiction. In *Pena v. Town of Kearney*, the plaintiffs alleged that the defendants were liable under the NJCRA "for damages caused by their subjection of [the *Pena* plaintiff] to the deprivation of rights and privileged [sic] secured by the Constitution of the United States . . . ." *Pena v. Town of Kearny*, No. 13-6644, 2014 WL 1666052, at *1 (D.N.J. Apr. 25, 2014) (alterations in original). In remanding the matter, the court found that the removing defendants failed to meet their burden to demonstrate that an NJCRA claim predicated upon a Federal Constitutional claim is sufficient to confer jurisdiction. *Id.* at *3. The *Pena* court explained that, even if the defendants had argued embedded federal question jurisdiction, jurisdiction would not be available because "whether [the p]laintiffs can vindicate federal constitutional rights under the [NJ]CRA is a heavily fact[-]dependent inquiry that . . . is of little importance to the operation of the federal system itself." *Id.* at *2. "That the facts alleged could also implicate the federal Civil Rights Act does not change the nature of [the p]laintiffs' suit." *Id.* at *3. Here, because the face of Plaintiff's Complaint does not allege any federal claims, because Defendants do not cite any case law in which "other papers" establish federal question jurisdiction, and because even if a complaint alleging a federal basis for

7

a NJCRA claim may be nonetheless insufficient to establish federal question jurisdiction, the Court finds Defendants have not met their heavy burden of establishing federal jurisdiction.

In conclusion, the Court finds that (1) Defendants fail to establish that this matter falls within the "small and special" category of state-law cases that satisfies "arising under" or "embedded jurisdiction" under *Grable* and its progeny; (2) Plaintiff's state court submissions do not make it "unequivocally clear and certain" that Plaintiff intends to bring, or has brought, a federal claim; and (3) Defendants do not meet their burden to show Plaintiff's NJCRA claim, which "implicates" a U.S. Constitutional claim, is sufficient to confer jurisdiction. The Court, accordingly, finds it does not have subject matter jurisdiction over Plaintiff's suit.

B.  **Plaintiff's Request for Attorneys' Fees is Denied**

Pursuant to 28 U.S.C. § 1447(c), an order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Under § 1447(c), fees may be awarded when the removing party lacks "an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). District courts have broad discretion to determine whether attorney fees should be awarded. *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1257 (3d Cir. 1996).

The Court finds that Defendants did not lack an objectively reasonable basis in seeking removal. At a minimum, Defendants had a good faith belief that Plaintiff's NJCRA claim would require interpretation of the First and Fourteenth Amendments and therefore removal was proper. As a result, Plaintiff's Motion for Attorneys' Fees and Costs is denied.

## IV. CONCLUSION

Because Defendants have not carried their burden as the removing party to show that the Court has subject matter jurisdiction over this case, the Court remands the case to New Jersey Superior Court.

/S/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**